

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00111-CV

**IN THE INTEREST OF N.M.B.**, a Child

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI05268
Honorable Peter Sakai, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Irene Rios, Justice

Delivered and Filed: December 12, 2018

AFFIRMED

Channel Beverly appeals the trial court's order dismissing the underlying suit with prejudice. Beverly presents three issues on appeal contending: (1) she "has standing to bring an original SAPCR as an 'Intended Parent;'" (2) "ratification supports recognition of the parent-child relationship between Channel and [N.M.B.];" and (3) "equitable tolling applies to the 90-day deadline to file suit under the general standing statute." We affirm the trial court's order.

## BACKGROUND[1]

N.M.B. was born on May 14, 2015. N.M.B. was conceived through artificial insemination, and Shante Posey is N.M.B.'s biological mother. N.M.B. lived with Posey and Beverly until they

---

[1] The Office of the Attorney General has a separate lawsuit pending to adjudicate N.M.B.'s parentage (the "OAG lawsuit"). An order consolidating the underlying lawsuit and the OAG lawsuit was vacated; therefore, this opinion only addresses the background relevant to the underlying lawsuit and this appeal.

separated in July of 2016, and Posey and N.M.B. moved to Ohio. Although Posey and N.M.B. subsequently moved back to Texas, Beverly was not allowed to have access to N.M.B.

On March 22, 2017, Beverly filed the underlying lawsuit which was entitled petition for divorce or, in the alternative, petition to adjudicate parentage. Beverly's petition contained two sections. In the first section, entitled petition for divorce, Beverly sought a divorce and to be appointed as a joint managing conservator of N.M.B. In the second section of the petition, entitled petition to adjudicate parentage, Beverly also sought to be appointed as a joint managing conservator of N.M.B.

On December 18, 2017, Posey moved to dismiss the portion of the lawsuit requesting relief as to a parent-child relationship between Beverly and N.M.B., asserting Beverly lacked standing to seek such relief. After a two-day hearing, the trial court signed an order dismissing the underlying lawsuit.

The trial court dismissed the suit for divorce based on its finding "that there is no valid informal marriage between" Beverly and Posey. Beverly does not appeal this portion of the trial court's order.

The trial court dismissed the suit affecting the parent-child relationship (SAPCR) based on its finding that Beverly lacked standing to bring such a suit. Beverly appeals this portion of the trial court's order.

## STANDARD OF REVIEW

"Standing, like other issues implicating a court's subject matter jurisdiction, is a question of law that we review de novo." *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018). "In evaluating standing, we construe the pleadings in the plaintiff's favor, but we also consider relevant evidence offered by the parties." *Id*.

"[S]tanding to bring a SAPCR is governed by statute." *Id*. "When standing has been statutorily conferred, the statute itself serves as the proper framework for a standing analysis." *In re H.G.*, 267 S.W.3d 120, 123 (Tex. App.—San Antonio 2008, pet. denied) (internal quotation omitted). "The party seeking relief must allege and establish standing within the parameters of the language used in the statute." *Id*. at 124.

## DISCUSSION

In her first issue, Beverly contends she has standing to bring a SAPCR under section 160.602(a)(8) of the Texas Family Code as an "intended parent." The statutory standing conferred by section 160.602(a)(8) of the Code, however, pertains to a proceeding to adjudicate parentage in which a trial court "render[s] an order adjudicating whether a man alleged or claiming to be the father is the parent of the child." *See* TEX. FAM. CODE ANN. § 160.636(a). Although Beverly's pleading contained an alternative claim entitled "Petition to Adjudicate Parentage," the relief she sought was to be appointed as a joint managing conservator of N.M.B. Therefore, Beverly's pleading did not seek "an order adjudicating whether a man alleged or claiming to be the father is the parent of the child" for which standing could be conferred by section 160.602(a)(8) of the Code. *Id*. Instead, Beverly's pleading sought conservatorship, possession, and access which is governed by Chapter 153 of the Code, and standing for such a proceeding is governed by section 102.003 of the Code. *See* §§ 102.003, 153.005. Because Beverly cannot assert standing under section 160.602(a)(8) to seek relief under Chapter 153, Beverly's first issue is overruled.

In her second issue, Beverly contends ratification supports recognition of the parent-child relationship between herself and N.M.B. In support of this contention, Beverly cites this court's decision in *K.B. v. N.B.*, 811 S.W.2d 634 (Tex. App.—San Antonio 1991, writ denied), and further asserts "[t]he doctrine of equitable estoppel also informs this case." This court's decision in *K.B. v. N.B.*, however, did not address standing. Instead, that case involved a divorce proceeding

between a husband and wife, and the husband's challenge to a trial court's order requiring him to pay child support for a child born during the marriage through artificial insemination. 811 S.W.2d at 636. Accordingly, *K.B. v N.B.* provides no support for Beverly's contention that the trial court erred in dismissing the underlying lawsuit for lack of standing. Furthermore, this court has clearly held standing, as a component of subject matter jurisdiction, cannot be conferred by estoppel. *In re H.G.*, 267 S.W.3d at 126. Beverly's second issue is overruled.

In her third issue, Beverly contends she has standing to bring an original SAPCR under section 102.003(a)(9) which confers standing on "a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition." TEX. FAM. CODE ANN. § 102.003(a)(9). Although Beverly concedes she did not file the underlying lawsuit within the 90-day deadline, she asserts the 90-day deadline should be equitably tolled because she delayed in filing the lawsuit based on Posey's "representations that they would come to an out-of-court resolution." Beverly admits no cases have applied the concept of equitable tolling to the 90-day deadline.

"[T]he concept of equitable tolling contemplates that an action has been performed outside the ordinary time limits, but that the action will be considered timely for reasons of equity." *Cooper v. Tex. Wesleyan Univ.*, No. 05-99-00347-CV, 1999 WL 1179613, at *4 (Tex. App.—Dallas Dec. 15, 1999, pet. denied) (not designated for publication). Equitable tolling is a court-created doctrine "that may not apply if a statutory requirement is deemed jurisdictional." *In re United Servs. Auto Ass'n*, 307 S.W.3d 299, 311 (Tex. 2010). As previously noted, standing is a component of subject matter jurisdiction; therefore, equitable tolling cannot be applied to confer standing if the 90-day deadline is not met. *See In re H.G.*, 267 S.W.3d at 124. As this court has previously asserted, "If the Texas Legislature has not conferred subject matter jurisdiction on a

trial court, the courts cannot mindlessly produce that result based on equity." *Id*. at 125. Beverly's third issue is overruled.

## CONCLUSION

Because Beverly lacks standing to bring a SAPCR to adjudicate the conservatorship of N.M.B., the trial court's order is affirmed.

Rebeca C. Martinez, Justice